1IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**LOWELL M. VARNEY,**

      **Plaintiff,**

v.                                **Case No. 2:13-cv-07177**

**WEST VIRGINIA 9TH FAMILY COURT,**
**Logan, West Virginia,**
**SAMANTHA COLLINS, Secretary Clerk,**
**9th Family Court of Logan County,**
**SALENA BROWNING, Family Court Coordinator,**
**9th Family Court of Logan County, and**
**VICKIE KOLOTA, Circuit Court of Logan County,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On April 4, 2013, the plaintiff, Lowell M. Varney, an inmate incarcerated at the Lanesboro Correctional Institution in Polkton, North Carolina, filed a Complaint under 42 U.S.C. § 1983 (ECF No. 1) and a Motion for Appointment of Counsel and to Proceed *in forma pauperis* (ECF No. 2). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PLAINTIFF'S CLAIMS

This is the second Complaint filed by the plaintiff in this federal court since October of 2012 concerning child custody proceedings related to the plaintiff's requests for visitation with his minor son. The plaintiff's prior case, Case No. 2:12-cv-07171, was

assigned to the Honorable John T. Copenhaver, Jr. The defendants named in the first Complaint were the United States of America, which played no part in the acts giving rise to the Complaint, and Jason D. Harwood, the Ninth Family Court Judge in Logan County, West Virginia. On January 3, 2013, that matter was dismissed with prejudice for various reasons, including lack of subject matter jurisdiction, the application of certain abstention doctrines, and the immunity of the defendants named therein. (*Id.*, ECF Nos. 7 and 8.) The plaintiff did not object to the findings of the court in that matter, nor did he file a notice of appeal therein.

The plaintiff's instant Complaint (Case No. 2:13-cv-07177, ECF No. 1.) again alleges that he has filed several petitions in the Circuit Court of Logan County concerning child support and allocation of custodial responsibility with the Clerk of the Circuit Court of Logan County and that none of his petitions were set for hearing. (*Id.* at 2.) The instant Complaint names as defendants the Ninth Family Court in Logan County, the Clerk of the Logan County Circuit Court, a Secretary Clerk of that court, and the Family Court Coordinator of that court. (*Id.* at 2-3.)

The plaintiff alleges that Judge Jason Harwood, Ninth Circuit Family Court Judge, wrote the plaintiff a letter stating that he would not address any petitions filed by the plaintiff until his release from prison in 2017. (*Id.* at 3.) The plaintiff's Complaint further alleges that he believes that none of his petitions have been set for hearing because Judge Harwood instructed that no hearings be set. (*Id.*)

The plaintiff's Complaint further alleges that, following his first attempt to sue Judge Harwood, and his service of a notice of intent to sue, Judge Kelly Gilmore Codispoti, the other Family Court Judge in the Ninth Circuit Family Court, wrote a letter to the Chief Justice of the Supreme Court of Appeals of West Virginia (the "SCAWV")

requesting to be recused from the plaintiff's case. (*Id.* at 4.) According to the Complaint, Judge Harwood and Judge Codispoti were ultimately removed from hearing the plaintiff's matters by the Chief Justice of the SCAWV and Judge Scott Elswick, a Family Court Judge in the Tenth Circuit Family Court, was appointed to consider the plaintiff's petitions. (*Id.* at 4.) The plaintiff alleges that a hearing date of March 22, 2013, was set, but does not indicate whether that hearing occurred and, if so, the outcome thereof.[1] (*Id.*)

The Complaint further indicates that the plaintiff has filed complaints against Judge Harwood and Judge Codispoti with the Judicial Commission, that he has filed complaints against both of his court-appointed attorneys, and that he has filed a civil suit against one of the attorneys. (*Id.*) While the Complaint does not address the status of any of these matters, the undersigned does not believe those proceedings to be relevant to the plaintiff's instant Complaint.

The instant Complaint alleges that, by refusing to set hearing dates on the filed petitions, the defendants have violated the plaintiff's rights under the First, Fifth and Fourteenth Amendments to access the courts and petition the government for redress of grievances and to due process of law. (ECF No. 1 at 4-5.) The Complaint states that the plaintiff was "trying to get a ruling on the case" and "trying to correct false information given to the court about the plaintiff by the plaintiff's attorney and enter evidence into the case the attorneys refused to provide on his part to the court." (*Id.*) The Complaint further states as follows:

---

[1] It appears that the plaintiff drafted the Complaint in early March of 2013, but it was not mailed and received by this court until April 4, 2013.

> With the court refusing to set a hearing date, Plaintiff was left with no other legal remedy but to file suit. As no letter or petition he had file[d] or wrote received a response from the court.

(*Id.*) The plaintiff seeks monetary damages from each of the defendants. (*Id.* at 5-6.)

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This screening is done prior to consideration of the Application to Proceed without Prepayment of Fees and Costs. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

4

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

### A. Eleventh Amendment Immunity.

The plaintiff's Complaint names "the 9th Family Court of Logan County" in the style of his Complaint, and then makes allegations concerning the conduct of Judge Jason Harwood and Judge Kelly Gilmore Codispoti. The Circuit Court of Logan County, and its Family Court, are arms of the State of West Virginia, which is immune from suit for monetary damages under the Eleventh Amendment to the United States Constitution which provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign

5

state." U.S. Const., Amend. XI.[2] It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99, 101 (1984). Similarly, to the extent that Judges Harwood and Codispoti might be named in their official capacities as state court judges, the plaintiff's claims for damages against them would also be barred by the Eleventh Amendment.

A state can only waive its sovereign immunity by unequivocal expressions or actions. *Id.* at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1921). Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

The plaintiff has not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the state's Eleventh Amendment immunity, and the plaintiff has failed to assert a meritorious argument that the State of West Virginia has waived its sovereign immunity. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that "the West Virginia Family Court," and "the 9th Family Court of Logan County" and its judges, are immune from suit in this federal court under the Eleventh Amendment to the United States Constitution.

---

[2] Although not expressly stated in the amendment, the Eleventh Amendment has been held to bar suits against a state, or its officials, by its own citizens as well. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974).

### B. Absolute Immunity.

Judicial immunity is a firmly rooted principle of law that shields judicial officers from civil suit for actions taken in exercise of their judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978). The primary policy that supports judicial immunity is also well-established. As early as 1872, the Supreme Court recognized that it is:

> [A] general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872).

The scope of judicial immunity is interpreted broadly. In *Bradley*, the Supreme Court held: "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley*, 13 Wall. at 351.
The only exceptions to absolute judicial immunity are for non-judicial acts, or where the act is done in complete absence of jurisdiction. *Stump*, 435 U.S. at 360; *Bradley*, 13 Wall. at 351. (Id.) Even if the judge acted in error, he or she is still immune. *See Stump*, 435 U.S. at 356. "By the same token, the [Supreme] Court has stated that a judicial act 'does not become less judicial by virtue of an allegation of malice or corruption.'" *Forester v. White*, 484 U.S. 219, 227 (1988).

The actions by Judges Harwood and Codispoti that are challenged by the plaintiff were "judicial functions." Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, to the extent that the plaintiff intended to allege claims against them, Judges Harwood and Codispoti are entitled to absolute immunity from

7

suit and, therefore, the plaintiff's claims against them or the named court must be dismissed.

Absolute immunity also extends to court clerks and clerical staff where they are acting in obedience to judicial orders or under a court's direction. *See McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972). The plaintiff's Complaint does not contain specific factual allegations against defendants Kolota, Collins or Browning. Nevertheless, as clerical staff of the court, these defendants are entitled to absolute immunity for actions taken at the direction of the court. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief may be granted against any of these defendants.

## RECOMMENDATION

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), in its entirety, pursuant to 28 U.S.C.§ 1915A and the holdings in *Twombly* and *Iqbal,* and that the plaintiff's Motion for Appointment of Counsel (ECF No. 2-1) and Motion for Leave to Proceed *in forma pauperis* (ECF No. 2-2) be **DENIED**.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed

Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

June 14, 2013

Dwane L. Tinsley
United States Magistrate Judge